JONATHAN ANDREWS, ET AL, *vs.* LOUIS BELILOVE.

DECEMBER 31, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is an action of debt against the surety on a bond given to dissolve an attachment. The case is before this court on defendant's exceptions to the ruling of the trial justice in the Superior Court directing the jury to return a verdict for plaintiffs in the penal sum of the bond.

The declaration alleged that defendant executed a writing obligatory by which he agreed to pay plaintiffs $2,000. Defendant pleaded *non est factum.* At the trial plaintiffs offered in evidence the writing sued upon, namely, a bond given by "Miller's Sons, Incorporated, a corporation", as principal, and defendant as surety, to the plaintiffs. The bond was given to dissolve an attachment of the goods and chattels of Miller's Sons, Incorporated, in an action commenced by the C. A. Shaler Company. The condition of the bond was to forthwith pay and satisfy the final judgment in said action if rendered against said Miller's Sons, Incorporated. The bond was signed and sealed by defendant and was also signed "Miller's Sons, Inc. by Bernard H. Miller, Treas." The corporation seal was affixed to the bond. Plaintiffs proved that final judgment had been entered in said action against Miller's Sons, Incorporated, as directed by this court (46 R. I. 167) and that execution had been issued on said judgment. The execution was produced in evidence. It did not appear that the execution had been satisfied. Defendant's attorney admitted that defendant

signed the bond. On this state of the testimony each party moved for a directed verdict. The trial justice granted plaintiffs' motion.

Defendant contends that the trial justice should have directed a verdict for him on account of the absence of proof that the judgment had not been paid. This contention cannot be sustained. The only plea was that of *non est factum*. This court has held that under this plea the execution of the bond is all that is denied and when this is established the issue must be found for the plaintiff. *Douglas, Admr.* v. *Hennessy*, 15 R. I. 272, 284. This is the general rule. Tyler's Stephen on Pleading, 171; 2 Greenleaf on Ev., 15th ed. Sec. 292; 9 C. J. 119. As it was admitted that defendant signed the bond, under the pleadings plaintiffs were entitled to the verdict.

Defendant also claims that he was entitled to a directed verdict on account of a variance between the name "Miller's Sons, Incorporated", and its signature on the bond where the word "Incorporated" appears to be written "Inc.". This claim cannot be allowed as the variance, if such it is, is immaterial. "Inc." is recognized as an abbreviation for "Incorporated" in our statute. Cap. 248, Sec. 7, § 3472, G. L. 1923. Besides, the bond is joint and several, and plaintiffs could proceed against the surety without objection on his part that the principal was not joined. *Whipp* v. *Casey*, 21 R. I. 506; 9 C. J. 91. In such a case as the surety cannot compel the joinder of the principal *a fortiori* he cannot take advantage of an abbreviation in writing the name of the principal. In *Mechanicsville War Chest, Inc.* v. *Butterfield*, 181 N. Y. S. 428, it was held that the omission of the letters "Inc." from the name of the plaintiff on a pledge card did not excuse defendant from paying the amount of his pledge.

All of the defendant's exceptions are overruled. The case is remitted to the Superior Court for further proceedings.

*Alfred S. & Arthur P. Johnson,* for plaintiffs.
*Solomon S. Bromson,* for defendant.